447 A.2d 1043

**In the Interest of Rochelle BONNER, a Juvenile.**

**Appeal of Rochelle BONNER.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1980.

Filed July 16, 1982.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for participating party.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

Appellant, Rochelle Bonner, takes this appeal from her adjudication as a delinquent for retail theft. The crux of her argument on appeal is that appellant was denied the right to counsel and to confront the witnesses against her. We agree and we reverse.

On December 20, 1979, a petition was filed charging one "Karen Burke", a minor, age seventeen, with delinquency. It was alleged that this named juvenile, along with her brother, "Jeffrey", aged twelve, committed retail theft. A hearing on this petition was scheduled for January 22, 1980, however, the juveniles failed to appear and bench warrants were issued. On January 25, 1980, members of the sheriff's department were sent to the address listed on the petition. At this address, three juveniles were picked up by the sheriff; these juveniles names were Karen, Jeffrey and Rochelle Bonner. The sheriff took the children to the Plymouth Township police station. There, the minors remained in the police car while Officer Richard Pachella came out of the station house and identified Karen and Jeffrey Bonner as the two children who he had apprehended for retail theft, and who had used the names "Karen and Jeffrey Burke." Whereupon, after the detention hearing Karen and Jeffrey Bonner were held for an adjudication hearing. Rochelle Bonner was present in the courtroom during the detention hearing but was not implicated in the alleged delinquent act.

On February 1, 1980, an adjudication hearing on the petition was convened by the court. Present at this hearing were Karen and Jeffrey Bonner, who were sitting with their counsel at the defense table. Rochelle Bonner sat in the jury box as a spectator. The first witness called by the Commonwealth was Jeffrey Cohen, a store security officer; this witness identified Jeffrey Bonner and Rochelle Bonner as the juveniles involved in the retail theft at issue. After Mr. Cohen's direct testimony, defense counsel for Karen and Jeffrey Bonner moved that all witnesses be sequestered. The court granted this motion and all witnesses were removed from the courtroom. At the same time, Rochelle Bonner was also removed from the courtroom.

The Commonwealth's second witness was Officer Richard Pachella. Officer Pachella testified that his prior identification of the two juveniles was in error. He then stated that it was Jeffrey and Rochelle Bonner who had committed the retail theft. As was just indicated, Rochelle was not present in the courtroom at this point in the proceedings.

At the conclusion of Officer Pachella's testimony, the Commonwealth rested. Counsel for Karen Bonner moved to have the petition against her dismissed, which motion the court granted. There followed a discussion on the record at which time the court determined that appellant Rochelle was "the subject of the petition based upon the identification in the courtroom." The court appointed counsel to represent appellant Rochelle Bonner and, on its own motion, continued the matter to give defense counsel "the opportunity to consult with her and to prepare her portion of the case."

The adjudication hearing reconvened on February 12, 1980, with Rochelle and Jeffrey Bonner seated at the defense table. The court granted the Commonwealth's motion to proceed with Rochelle Bonner henceforth to be considered as the petitioned juvenile, over the objection of defense counsel.[1] The Commonwealth then reopened its case, calling Denise Carmichael, a second security guard, to the stand. This witness identified Rochelle and Jeffrey Bonner as the juveniles she had apprehended and who had identified themselves as "Karen and Jeffrey Burke." At the conclusion of the hearing, both Rochelle and Jeffrey were adjudicated delinquent.

■ In this appeal, appellant Rochelle argues that the actions of the lower court denied appellant her Sixth Amendment rights to counsel and to cross-examine the witness against her. The United States Supreme Court ruled in *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) that a juvenile has a constitutional right to notice of the charges, to counsel, to confrontation and cross-examina-

1. At the time of this hearing, Rochelle was sixteen years old.

tion of witnesses, and to the privilege against self-incrimination. In appellant's case, appellant was not given counsel until two of the witnesses against her had testified. Furthermore, since appellant was not a defendant at the time that these witnesses testified, appellant did not have the right to confront and cross-examine the witnesses. Neither was appellant given the opportunity to speak in her behalf or have an attorney represent her at the detention hearing, nor was appellant given notice of the charges. This was an egregious denial of appellant's Sixth Amendment rights and accordingly we reverse.

■ Appellant also argues that no proper petition was filed against Rochelle Bonner. We agree. The action was initiated by a petition naming "Karen Burke" as the actor. As was previously stated, a detention hearing was held on this petition and Karen Bonner was detained. Whereupon the court sent a notice to the parents of "Karen Burke Bonner." Additionally the court that same day entered an order captioned "In the Interest of Karen Burke a/k/a Karen Bonner" directing that this individual be detained in the youth center pending further proceedings. After the adjudication hearing, the court entered a second order directing that "Karen Burke a/k/a Karen Bonner" be released. After further proceedings in the adjudication hearing, described earlier, the court entered two orders captioned "In the interest of Rochelle Bonner." Neither of these orders contained the alias "Karen Burke."

■ In the case of *In re Gault, supra,* the Court held that the child and his parents or guardian must be notified, in writing, of the specific charges or factual allegations to be considered at the juvenile delinquency hearing, and further, that this notice must be given at the earliest practicable time, sufficiently in advance of the hearing so as to permit preparation. In appellant's case, neither appellant Rochelle nor her parents or guardian were given notice at any time prior to the adjudication hearing, a clear violation of due process considerations set forth in *Gault.* The lower court attempts to justify the substitution of Rochelle Bonner for

Karen Bonner in the middle of the adjudication hearing on the grounds that it was an amendment of the petition as permitted under local rule.[2]  This rationale is meritless.  The substitution of one person for another in the middle of a hearing is much more than an amendment.  Accordingly, as it is filed, the petition naming "Karen Burke" as its subject is not effective against Rochelle Bonner.

Reversed.

2.  Montgomery County Juvenile Court Rule 406(f) provides:

(f) Amendment of Petition—The Court, on motion of any party or on its own motion at any time during the course of the proceeding, may direct the amendment of the petition.  If any such amendment results in a substantive variance from the facts originally alleged, the court shall grant such continuances as justice may require.