573 A.2d 1096

**In the Interest of Jason CUNNINGHAM, a Minor.**

**Appeal of Jason CUNNINGHAM.**

Superior Court of Pennsylvania.

Argued June 19, 1989.

Filed April 9, 1990.

David A. Crissman, Butler, for appellant.

Robert F. Hawk, Asst. Dist. Atty., Butler, for Com.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, ROWLEY, MONTEMURO, BECK, TAMILIA, POPOVICH and JOHNSON, JJ.

CAVANAUGH, Judge:

This is an appeal from a dispositional order entered against the minor appellant following his adjudication of delinquency for indecent assault upon a child of four year old.

This is a companion case to *Matter of Smith*, 393 Pa.Super. 39, 573 A.2d 1077 (1990), in which we held that juveniles are entitled to the benefit of effective representation of counsel at delinquency hearings. In the instant case

appellant alleges, *inter alia*, that trial counsel was ineffective for failure to safeguard appellant's constitutional and statutory rights to confrontation of witnesses.[1]

Introduced into evidence at appellant's adjudicatory hearing was the deposition of videotaped testimony of the child complainant. Appellant was not permitted to be present at the taping of the testimony and, therefore, was not afforded the opportunity to confront his accuser face-to-face. Counsel did not raise this allegation of error in the court below.

▮▮▮▮ In order to establish a claim of ineffectiveness, appellant must establish that: by act or omission counsel was arguably ineffective; counsel's act or omission could not have had a reasonable basis designed to effectuate appellant's interests; and that counsel's commission or omission prejudiced him. *Commonwealth v. Durst,* 522 Pa. 2, 559 A.2d 504 (1989). The right to confront and cross-examine adverse witnesses attaches to juvenile proceedings. *In re: Gault,* 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527, 548 (1967); 42 Pa.C.S.A. § 6338(a); *In Interest of Bonner,* 301 Pa.Super. 431, 447 A.2d 1043 (1982). Further, the law has sought to protect this right to confrontation even with the advent of videotape. See, 42 Pa.C.S.A. § 5984 which states:

> (a) Depositions.—In any prosecution involving a child victim or child material witness, the court may, *for good cause shown,* order the taking of a videotaped deposition of the victim or material witness *on motion* of the child through his parent or guardian, or where applicable, the child's advocate or the attorney for the Commonwealth. Such videotaped deposition, if taken for use at the preliminary hearing, may be used only at the preliminary hearing in lieu of the testimony of the child. The depositions shall be taken before the court in chambers or in a special facility designed for taking the depositions of children. Only the attorneys for the defendant and for the Com-

---

1. Although no post-trial motions were filed in this case, we will address the merits of the appeal since the question of ineffectiveness is raised for the first time by new counsel.

monwealth, persons necessary to operate the equipment, a qualified shorthand reporter and any person whose presence would contribute to the welfare and well-being of the child, including persons designated under section 5983 (relating to rights and services), may be present in the room with the child during his deposition. *The court shall permit the defendant to observe and hear the testimony of the child in person but shall ensure that the child cannot hear or see the defendant.* Examination and cross-examination of the child shall proceed in the same manner as permitted at trial. *The court shall make certain that the defendant and defense counsel have adequate opportunity to communicate for the purpose of providing an effective defense.* (Emphasis added).

The validity of this statute is subject to question in light of the Supreme Court's decision in *Coy v. Iowa,* 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) which held that the Sixth Amendment right to confrontation is violated where face-to-face confrontation, through the use of screens, is precluded. Similarly, this court's pre-Coy decision in *Commonwealth v. Ludwig,* 366 Pa.Super. 361, 531 A.2d 459 (1987), allowing the use of testimony via closed circuit television where the child witness does not see the defendant, may no longer be constitutionally valid. However, we will not base our determination of ineffectiveness on the *Coy* decision as it was decided on June 29, 1988, and after the adjudicatory proceedings in this case were held. Assuming, *arguendo,* the continued efficacy of § 5984 and *Ludwig,* at least for purposes of assessing effectiveness of counsel, we find that remand is required.

In *Ludwig,* there was testimony that the child victim had been psychologically injured by her attempts to testify in the presence of the defendant. Closed circuit T.V. was found to be necessary to protect the welfare of the child. The law will deny the right to confrontation only when necessary. *See, Coy;* 42 Pa.C.S.A. § 5984.

Instantly, however, there was no determination that the child witness was unable to testify when confronted by appellant. There was no indication that he would suffer psychological damage or that he would be unable to communicate. In short, there was no "good cause shown" as required under 42 Pa.C.S.A. § 5984.

Additionally, it appears from the record that appellant was not permitted "to observe and hear the testimony of the child in person ...". Nor were appellant and his counsel given an "adequate opportunity to communicate for the purposes of providing an effective defense"—both of which are provided for under 42 Pa.C.S.A. § 5984.

We find no objectively reasonable basis designed to effectuate appellant's interest in counsel's failure to safeguard appellant's rights. Had counsel sought to have the videotaped testimony stricken, or at the very least, made sure that the procedures set forth in 42 Pa.C.S.A. § 5984 were complied with, the outcome could very likely have been affected, especially in view of the fact that the alleged victim was the chief witness against appellant.

Because we can find no reasonable basis for counsel's actions, we will remand for an evidentiary hearing on this matter. See *Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987); *Commonwealth v. Shablin*, 362 Pa.Super. 289, 524 A.2d 511 (1987).

Order vacated and case remanded. Jurisdiction relinquished.[2]

TAMILIA, J., files concurring and dissenting opinion, joined by CIRILLO, President Judge.

POPOVICH, J., files concurring statement.

JOHNSON, J., files dissenting opinion.

---

2. Because we find remand on the issue of ineffectiveness is required, we do not reach the other issues argued by appellant.

TAMILIA, Judge, concurring and dissenting.

While I concur in the result, I believe the reasoning used by the majority to reach its conclusion goes astray in attempting to resolve the issue. As in the companion case of *Matter of Smith*, 393 Pa.Super. 39, 573 A.2d 1077 (1990), the majority would interpolate the adult criminal procedures on ineffectiveness of counsel into juvenile cases and would implicate the use of Rules of Criminal Procedure, which are specifically exempted from juvenile proceedings by Pa.R. Crim.P. 1(a)[1] and the Juvenile Act, 42 Pa.C.S. 6301 *et seq.*

In doing so, the majority goes too far. We have held in *In Interest of Bonner*, 301 Pa.Super. 431, 447 A.2d 1043 (1982), *In re Jones*, 286 Pa.Super. 574, 429 A.2d 671 (1981), *Commonwealth v. Ludwig*, 366 Pa.Super. 361, 531 A.2d 459 (1987), and *In re Interest of Davis*, 377 Pa.Super. 46, 546 A.2d 1149 (1988), that a juvenile has the right to confrontation of witnesses. Since the use of video tape in the juvenile hearing calls into play his right to confrontation of a witness against him, under present law he has been denied a basic right. The doctrine of fundamental fairness, inherent in the broad scope of review available in all children's proceedings, does not require the application of ineffectiveness doctrine espoused in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987), *Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987), and *Commonwealth v. Shablin*, 362 Pa.Super. 289, 524 A.2d 511 (1987). A fair hearing for a juvenile charged with delinquency requires confrontation of the witnesses against him. Whether raised by an ineffectiveness claim, or simply alleged on appeal, fundamental fairness requires that a new hearing be granted. It is totally unnecessary to

1. It is interesting to note that the majority, in reaching the issue of ineffectiveness of counsel, moves directly to the merits despite the lack of post-trial motions as the issue of ineffectiveness was raised for the first time by new counsel on appal. This proves the lack of necessity to create a rule by judicial fiat permitting post-trial motions when the Juvenile Act and the Rules of Criminal Procedure do not require them. *See Smith, supra,* Tamilia, J., concurring and dissenting.

trigger the broad procedural machinery as to ineffectiveness of counsel to reach that result. *See Smith, supra,* Tamilia, J., concurring and dissenting. It appears these issues were raised and disposed of heretofore with similar results, without reference to claims of ineffectiveness of counsel whether or not objections were raised during the hearing or upon the filing of post-trial motions. I would clarify the right to allege ineffectiveness of counsel on appeal but would not allow the introduction of the criminal rules and procedures to test the claim. My colleagues on the majority appear to be more trusting of criminal procedures and rules adapted to the adversarial proceedings of the Criminal Court than they are of the Juvenile Act, the Judges and Masters of the Juvenile Court and our own appellate bench in determining whether due process and fundamental fairness tests have been met in the nonadversarial rehabilitative milieu of juvenile proceedings. Any step in the direction to recriminalize juvenile proceedings is a retreat to 19th century doctrines, at a time we are approaching the 21st century. The juvenile justice system in Pennsylvania is working surprisingly well and the deficiencies lie primarily with funding and resources and not with the legal and judicial process. To tamper with it, in the face of legislative and procedural prohibitions, is to destabilize it.

CIRILLO, President Judge, joins.

POPOVICH, Judge, concurring.

I file this Concurring Statement consistent with my Concurring Statement by Popovich, J. in *Matter of Smith,* 393 Pa.Super. 39, 573 A.2d 1077 (1990) (en banc).

JOHNSON, Judge, dissenting.

I respectfully dissent. The issue of Jason Cunningham's right to confront his accuser was not raised in the juvenile court. In my view, the contention is waived. I would affirm the order of disposition placing Cunningham on two years' probation.

All agree that the right to confront and cross-examine witnesses attaches to juvenile proceedings. 42 Pa.C.S. § 6338(a); *In Re Gault,* 387 U.S. 1, 30, 42–57, 87 S.Ct. 1428, 1445, 1441–1459, 18 L.Ed.2d 527, 547–548, 554–563 (1967); *In Interest of Bonner,* 301 Pa.Super. 431, 447 A.2d 1043 (1982). In the case here under review, the testimony of the victim was taken before a Juvenile Master in accordance with 42 Pa.C.S. § 6305(b) on July 27, 1987. Present for the videotaped proceedings were an assistant district attorney and an assistant public defender. · The latter was representing Cunningham. The assistant public defender, Randa Clark, was afforded the opportunity to cross-examine the victim, but she declined. Videotaped Proceedings, July 27, 1987 at p. 22; R.R. 25a.

At the adjudication hearing held on August 24, 1987, the same opposing counsel as were present for the videotaped testimony of the victim one month earlier appeared before the same Juvenile Master. At this hearing, Cunningham was present, accompanied by his mother, Mrs. Susan Cunningham, and represented by his attorney, Randa Clark. Jason's father, identified in the record only as Mr. Cunningham, was also present. The videotaped testimony of the victim was introduced into evidence by stipulation and the Commonwealth rested. N.T., August 24, 1987 at pp. 2–4, 23, 24, 25; R.R. 28a–30a, 48a, 49a, 50a.

On September 1, 1987, the Master recommended, pursuant to 42 Pa.C.S. § 6305(c), that Cunningham be adjudicated delinquent on a charge of indecent assault. The same day, the Honorable John H. Brydon adjudicated Cunningham delinquent. On November 23, 1987, a Motion for Rehearing was filed, consistent with § 6305(d). The only grounds set forth in support of the motion were (a) alleged insufficiency of the evidence, and (b) alleged incompetency of a four-year-old to testify. Judge Brydon did not affirm his earlier adjudication of delinquency until he had reviewed both the testimony and the videotape.

As the appellant concedes, the waiver doctrine is applicable in juvenile proceedings. *Commonwealth v. Williams,*

504 Pa. 511, 475 A.2d 1283 (1984). Application of the totality of the circumstances analysis employed by our supreme court in *Williams*, 504 Pa. at 519, 475 A.2d at 1288, compels the conclusion in this appeal that waiver has occurred and due process has not been violated. Here, Cunningham's attorney was present during the victim's testimony and had every opportunity to cross-examine. A videotape transcript was made of the victim's testimony. Cunningham surely knew the victim's identity and was not prevented from advising Randa Clark, his attorney, of any factors which he thought would be useful in assisting Clark to effectively search out the truth. Both of Cunningham's parents were present at the continued hearing where it was stated, on the record, that the videotaped testimony of the victim would be the entire case for the Commonwealth. No objection was raised at that time. Nor was the fact of Cunningham's non-presence during the victim's videotaping included in the reasons supporting the motion for rehearing.

Based on all of these facts, I conclude that the waiver of Cunningham's right to be personally present with his attorney during the examination of the victim was knowingly and freely made. *Commonwealth v. Williams, supra.* On the same facts, I also conclude that a due process challenge would be unsuccessful. *See Cruz v. Commonwealth, Dept. of Public Welfare,* 80 Pa.Cmwlth. 360, 472 A.2d 725 (1984).

Since I find that the primary issue raised on this appeal has been waived, and since my review of the entire record does not disclose any fundamental unfairness, I dissent from the majority's analysis and conclusion based upon claimed ineffectiveness of counsel. Such an analysis, in my view, is not appropriate in a juvenile proceeding. *Matter of Smith,* 393 Pa.Super. 39, 573 A.2d 1077 (Concurring and Dissenting Opinion by Johnson, J.).