631 A.2d 650

**Robin WEIR**

v.

**Danny WEIR, Appellant.**

Superior Court of Pennsylvania.

Argued June 23, 1993.

Filed Sept. 3, 1993.

516

518

Gloria V. Brown, Altoona, for appellant.

Donald E. Speice, Public Defender, Hollidaysburg, for appellee.

Before OLSZEWSKI, HOFFMAN and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from a protection from abuse order entered against appellant. The following issues are presented for our review: (1) whether this court can consider the merits of appellant's allegations of error despite his failure to file post-trial motions; (2) whether the trial court's failure to enter an adequate verdict excused appellant's failure to file post-trial motions; (3) whether trial counsel was ineffective in failing to file post-trial motions on appellant's behalf; (4) whether the

trial court had subject matter jurisdiction over this action; (5) whether the evidence was sufficient to sustain the verdict; and (6) whether the trial court erred in permitting evidence of prior abuse to be introduced. For the reasons set forth below, we affirm.

We will briefly recount the relevant facts and history of this case before proceeding to consider the merits of appellant's claims. Appellant, Danny Weir, and appellee, Robin Weir, were married in 1976. In the late evening hours of September 7, 1992, the Weirs were driving along mountainous back roads in the vicinity of Altoona, Pennsylvania. Mr. Weir was operating a van and Mrs. Weir was a passenger therein. The parties, who had been experiencing marital difficulties, started to argue. According to appellee, her husband drove the vehicle at an excessive rate of speed despite her protests to slow down. Appellant drove behind a sign and began to decelerate at which point appellee jumped out of the vehicle and began to run away. Appellant pursued appellee in the vehicle and eventually trapped her between the van and the concrete portion of a bridge. Appellant repeatedly told appellee to return to the vehicle. Appellee finally complied with appellant's demands and got back into the vehicle. Appellant again began to drive at an excessive rate of speed.

Appellee and her children subsequently moved out of the marital residence and went to reside with appellee's brother. On September 14, 1992, appellee filed a *pro se* protection from abuse petition against appellant. In response, the lower court entered a temporary order directing appellant to refrain from abusing or threatening to abuse appellee and scheduled a hearing on the petition. A hearing on the petition was held on October 21, 1992. The trial court entered an order granting appellee's petition October 23, 1992. No post-trial motions were filed by either of the parties. Neither of the parties reduced the order to final judgment. Appellant thereafter instituted this appeal from the October 23rd order of court.

Although not addressed by either of the parties, we must first ascertain whether the order entered by the trial

judge is properly appealable at this stage of the proceedings, since this determination necessarily affects our jurisdiction to entertain the issues raised. *See Fried v. Fried,* 509 Pa. 89, 91, 501 A.2d 211, 212 (1985); *Flowers v. Flowers,* 417 Pa.Super. 528, 530, 612 A.2d 1064, 1065 (1992). Questions relating to jurisdiction are not waived by the failure of the parties to raise them and may properly be raised by the court *sua sponte. Fried v. Fried,* 509 Pa. at 92, 501 A.2d at 212. In addressing this question, we must necessarily examine the practice and procedure to be followed in protection from abuse proceedings.

Protection from abuse actions are regulated by statute and the rules promulgated pursuant thereto. *See generally,* Protection From Abuse Act ("PFAA"), 23 Pa.C.S.A. § 6101– § 6117 and Pa.R.C.P., Rules 1901–1905, 42 Pa.C.S.A. Proceedings under the PFAA are to be conducted in accordance with applicable general rules. *See* 23 Pa.C.S.A. § 6117. The rules more specifically direct that the decision of the lower court shall be governed by Rule 1038(b) and (c) of the Pennsylvania Rules of Civil Procedure. Pa.R.C.P., Rule 1905(a), 42 Pa.C.S.A. Rule 1038 defines the practice and procedure to be followed in non-jury trials. Rule 1038(b) provides that the decision of the trial judge may consist only of general findings. Pa.R.C.P., Rule 1038(b), 42 Pa.C.S.A. This rule also permits the trial judge to include as part of the decision specific findings of fact and conclusions of law with appropriate discussion. *See id.* Rule 1038(c) allows the trial court to announce its decision either orally in open court or in a writing filed within seven (7) days after trial, unless the case is protracted or extraordinarily complex. Pa.R.C.P., Rule 1038(c), 42 Pa. C.S.A.

Post-trial practice in protection of abuse actions is governed by Rules 227.1–227.4. Pa.R.C.P., Rule 1905(b), 42 Pa.C.S.A. Pursuant to Rule 227.1, post-trial motions must be filed within ten (10) days after the filing of the decision in the case of a trial without jury. Pa.R.C.P., Rule 227.1(c)(2), 42 Pa.C.S.A. Following disposition of post-trial motions, or if no timely motion has been filed, the decision of the trial judge must then

be entered as a final judgment, either by the trial court or upon praecipe of the parties. *See* Pa.R.C.P., Rules 227.1(a)(4) and 227.4(1)(b) and (2). *See also* Pa.R.A.P., Rule 301, 42 Pa.C.S.A. and Note thereto (discussing the reduction of an order to judgment as a prerequisite for appeal).

Application of the above provisions reveals that appellant has failed to comply with the procedural requisites by failing to have the trial court's decision entered as a final judgment. However, this defect does not affect the validity of the appeal. Pa.R.A.P., Rule 903(a), 42 Pa.C.S.A. *See also Melvin v. Melvin,* 398 Pa.Super. 1, 13–14, 580 A.2d 811, 816 (1990) (where an appeal is improvidently taken prior to entry of final judgment, this court will ordinarily direct the appellant to praecipe for the entry of judgment and treat the notice of appeal as being filed on the date that judgment is entered); *but see Schwartz v. Schwartz,* 319 Pa.Super. 5, 6, 465 A.2d 1024, 1025 (1983) (quashing an appeal where the appellant failed to enter the order on the lower court docket). Moreover, our Supreme Court has indicated that in the interests of judicial economy, we may disregard a defect of this type and "regard as done that which ought to have been done." *See McCormick v. Northeastern Bank of Pennsylvania,* 522 Pa. 251, 254 n. 1, 561 A.2d 328, 330 n. 1 (1989) (court considered the merits of an appeal despite the parties' failure to reduce an order to judgment). We therefore conclude that appellant's institution of this appeal prior to entry of a final judgment does not deprive us of jurisdiction.

We must next ascertain whether appellant has preserved any issues for appellate review. With regard to this question, we note that appellant has presented a challenge to the subject matter jurisdiction of the lower court. A court's lack of subject matter jurisdiction is a non-waivable issue which may be raised by the parties at any stage of the proceedings and can be raised by the appellate courts *sua sponte. See Fried v. Fried, supra; Andursky v. Andursky,* 382 Pa.Super. 1, 3–4, 554 A.2d 571, 573 (1989) and Pa.R.C.P., Rule 1032(2), 42 Pa.C.S.A. Because lack of jurisdiction would

render appellant's remaining allegations moot, we will evaluate this question first.

The crux of appellant's argument is that the trial court lacked jurisdiction to conduct a hearing because appellee's petition failed to set forth an allegation of abuse as defined by the PFAA. The essence of this challenge is that the trial court should have summarily dismissed appellee's petition for failure to set forth a *prima facie* allegation of abuse. We disagree with appellant's reasoning.

The PFAA defines abuse as follows:

"**Abuse.**" The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, spousal sexual assault or involuntary deviate sexual intercourse with or without a deadly weapon.

(2) Placing by physical menace another in fear of imminent serious bodily injury.

(3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).

(4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).

23 Pa.C.S.A. § 6102(a)(1)–(4).

Appellee's petition, which was filed *pro se*, consisted of a pre-printed form containing blank lines for the parties' names, addresses, marital status, a description of the incident, and pertinent information pertaining to the parties' children and financial status. *See* Petition for Protection Order and Leave to Proceed In Forma Pauperis, filed September 14, 1992. Paragraph 4 of the petition more specifically describes the abuse and appears as follows:

4. SINCE OR ABOUT Sept 7, 1992, RESPONDENT HAS ABUSED THE PETITIONER. THIS ABUSE CONSISTED OF THE FOLLOWING INCIDENTS:

The incident occurred on Rt 36 (Catfish Ridge) Dan said I'll show you your driving me crazy  Then he started to drive real fast I jumped out of the van after I unhooked my seat belt without getting hurt, I started to run then he trapped me against the cement part of the bridge till I got back in the van.  Then he took me threw back roads where I don't even know he tried cutting curves at a high rate of speed enough to scare me.  Then Regina MacDonald a friend of his talked to me on Sat 12, 1992 at our pet shop she told me to leave him because he made the statement if he blacks out he couldn't say what he might do to me.

*Id.* at paragraph 4.[1]

Contrary to appellant's interpretation, appellee's petition clearly sets forth an allegation of abuse which falls within the statutory definition.  Appellant's conduct in driving at an excessive rate of speed over dark and winding mountain roads and in pinioning appellee against a concrete bridge abutment with a van certainly constituted an attempt to cause bodily injury or serious bodily injury to appellee.  The conduct can also be viewed as placing appellee, by physical menace, in fear of sustaining imminent serious bodily injury.  We therefore reject appellant's claim that the petition failed to set forth a *prima facie* allegation of abuse and find that the trial court properly exercised subject matter jurisdiction over these proceedings.

We likewise decline to adopt appellant's suggestion that a trial court lacks the authority to conduct a hearing on any PFAA petition which may not contain a *prima facie* allegation of abuse.  Appellant's arguments ignore the fact that PFAA petitions are often initiated *pro se*.  To dismiss inartfully drafted petitions which may not, on their face, be couched in the precise definitional terms set forth in the statute would eviscerate the purpose and goals of the PFAA,

---

1.  Capitalized words are contained in the original form and designates the portions thereof which are pre-printed.  The description of the incident was hand-written by appellee and extends onto a blank page affixed to the petition.  The spelling and grammatical construction in the original petition have been left intact.

which is to provide spouses, household members, intimate partners and children with immediate temporary protection from abuse. *See Snyder v. Snyder,* 429 Pa.Super. 494, —— – ——, 629 A.2d 977, 980–982 (1993), (indicating that in light of the purpose of the PFAA and the lack of specific pleading requirements for PFAA petitions, detailed allegations of abuse are not required as it would place an impractical burden on the petitioners, especially where the petition is filed *pro se* ). Moreover, the PFAA provides that "[w]ithin ten days of the filing of a petition under this chapter, a hearing *shall* be held before the court[.]" 23 Pa.C.S.A. § 6107(a) (emphasis added). The PFAA's usage of the term "shall" has been construed as creating a mandatory duty to conduct a hearing on the merits of the petition. *Heard v. Heard,* 418 Pa.Super. 250, 257, 614 A.2d 255, 259 (1992). The trial court's authority to conduct a hearing thus is not limited by the allegations contained in the petition.

■ Having found appellant's jurisdictional challenge lacking in merit, we must now consider whether his remaining allegations of error have been waived. As indicated above, post-trial practice in PFAA proceedings is governed by Rules 227.1–227.4. *See* Rule 1905(b), *supra.* It is also well settled that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P., Rule 302(a), 42 Pa.C.S.A. *See also Lucia v. Lucia,* 318 Pa.Super. 569, 571, 465 A.2d 700, 701 (1983); *Horvat v. Horvat,* 303 Pa.Super. 406, 407, 449 A.2d 751, 752 (1982); *Knisely v. Knisely,* 295 Pa.Super. 240, 241–242, 441 A.2d 438, 439 (1982) (issues were waived on appeal where the appellant failed to file exceptions or post-trial motions to a protection from abuse order). While appellant acknowledges his failure to file post-trial motions in accordance with Rules 227.1 and 1905(b), he argues that we should nevertheless consider the merits of his claims because the omission was caused by trial counsel's ineffectiveness and an error by the trial court. We are not persuaded by either of the reasons posited by appellant.

██ Appellant asserts that his failure to file post-trial motions was excused by the trial court's failure to issue adequate findings of fact. Appellant cites to *In re Estate of Dorone*, 349 Pa.Super. 59, 502 A.2d 1271 (1985), *affirmed*, 517 Pa. 3, 534 A.2d 452 (1987) for support. *Dorone* involved the appointment of a guardian for an incompetent, the practice and procedure of which is to be conducted in accordance with the rules governing equity actions. *See* Orphans' Court Rule 3.1, 20 Pa.C.S.A. and Pa.R.C.P., Rules 1501–1550, 42 Pa.C.S.A. Pursuant to the equity rules, a trial judge is required to make an adjudication after a hearing. *See* Rule 1517(a). The adjudication consists of (1) a statement of the issues; (2) a closely condensed chronological statement of all the facts which are necessary to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law; and (4) a decree *nisi*. *See id.* Under certain circumstances, a chancellor's failure to make an adjudication in accordance with Rule 1517(a)'s mandate has excused a litigant's failure to file post-trial motions to a decree *nisi*. *See e.g., In re Estate of Dorone*, 349 Pa.Super. at 64, 502 A.2d at 1274.

The exception discussed in *Dorone* is inapplicable to the instant case. Proceedings under the PFAA are not conducted in accordance with the equity rules and the trial judge in a PFAA hearing is not required to make an adjudication containing a statement of the issues, specific factual findings, legal conclusions and a decree *nisi*. As indicated above, PFAA actions are expressly governed by Rules 1905 and 1038, pursuant to which the trial court *may* make general or specific findings *if he or she wishes*. *See* Rules 1905(a) and Rule 1038(b), *supra*. Appellant's reliance on *Dorone* is therefore misplaced.

██ Appellant also argues that the trial court's order is defective because it does not contain a specific finding of abuse.[2] Appellant believes that a finding of specificity is

---

2. Appellant initially argued in his brief that the trial court failed to issue a general finding of abuse in its order. Appellant's Brief at 15. Following oral argument, appellant's counsel determined that this assertion was erroneous and filed a request for leave to file a supple-

required because the statutory provisions, purportedly found at 23 Pa.C.S.A. § 6306, contain several different definitions of abuse. *See* Appellant's Supplemental Statement. Appellant thus asserts that he could not file his post-trial motions since he was unaware of the precise definition of abuse relied upon by the lower court. *See id.* We find appellant's reasoning to be fundamentally flawed.

We have examined Title 23 and have been unable to find enumerated therein Section 6306.[3] We thus assume that appellant's reference to Section 6306 is erroneous and that he intended to reference the statutory provisions of the PFAA. We have reviewed the PFAA and have found that only Section 6102(a), *supra*, contains a specific definition of "abuse." Appellant thus could not have been confused or mistaken as to the definition of abuse relied upon by the trial court since there is only one definitional statute which applied in this case.[4]

Notwithstanding appellant's arguments to the contrary, neither Rule 1038 nor any other provision regulating PFAA proceedings mandates that a specific finding of abuse be set forth in the trial court's decision. *See Snyder v. Snyder,* ——

mental statement, which was subsequently granted by order of this court. Counsel has filed this statement and now avers that while the trial court's order contains a general finding of abuse, the order fails to specify the definition of abuse which was relied upon. Appellant's Supplemental Statement.

3. Even if this section exists, it would appear to fall within the provisions of the Child Protective Services Law ("CPSL"), 23 Pa.C.S.A. § 6301– § 6384. The proceedings in this case arise under the PFAA, not the CPSL. Accordingly, the definitions set forth in the PFAA rather than the CPSL are controlling.

4. To the extent that appellant's argument may be further construed as a challenge to the trial court's failure to identify the subcategory of abuse which applied to appellant's conduct, this claim must likewise be rejected. There is no requirement that the trial court specify which of the four definitions of abusive conduct set forth in Section 6102(a) has been established by the evidence. Moreover, the evidence in this case could only reasonably have been based upon the definitions of abuse set forth in Section 6102(a)(1) or (a)(2). Because appellant's conduct supported a finding of abuse under either definition, we are mystified as to the manner in which the trial court's failure to specify the subsection relied upon completely absolved appellant of his responsibility to file any post-trial motions.

Pa.Super. at ——, 629 A.2d at 981 (indicating that the focus of the PFAA is on the prevention of abuse in the generic sense and that the court may enter any protection order or approve any consent agreement to bring about a cessation of abuse). Instead, the PFAA directs the trial court to enter an order which may include, in relevant part: (1) a direction to the defendant to refrain from abusing the plaintiff or minor children; (2) the grant of possession to the plaintiff of the residence or household with concomitant exclusion of the defendant; (3) an award of temporary custody or visitation rights with regard to minor children; (4) a direction to the defendant to pay financial support to those persons he or she has a duty to support; (5) a prohibition barring the defendant from having any contact with the plaintiff and harassing the plaintiff, the plaintiff's relatives or minor children; (6) an order requiring the defendant to temporarily relinquish weapons which have been used or threatened to be used in an incident of abuse; and (7) a direction that the defendant pay the plaintiff for reasonable losses suffered as a result of the abuse, including, *inter alia,* losses for injuries sustained and reasonable attorney fees. 23 Pa.C.S.A. § 6108(a)(1)–(8).

The trial court's order in this case provided, in pertinent part, that "the Court believes the following actions are necessary to bring about a cessation of the abuse of the Petitioner which this Court finds. . . ." *See* Order, dated October 23, 1992 at 1. The order then sets forth the relief to which appellee is entitled. *See id.* This order fully complied with both the general directives of Rule 1038 and the more specific requirements of Section 6108 of the PFAA. Under these circumstances, the trial court's order does not excuse appellant's failure to file timely post-trial motions.

Appellant also argues that we should review his claims because of trial counsel's ineffectiveness. The essence of appellant's challenge appears to be that he is entitled to effective and competent representation in a PFAA proceeding and that trial counsel's conduct has deprived appellant of this right. Appellant has not referred us to any pertinent authority which would support this novel proposition nor has our own

research disclosed any such authority. Appellant nevertheless urges us to extend, by way of analogy, the holdings enunciated in juvenile delinquency proceedings in which the right to effective counsel has been recognized. *See, e.g., In Interest of A.P.,* 421 Pa.Super. 141, 146, 617 A.2d 764, 767 (1992) (*en banc*); *In Matter of Smith,* 393 Pa.Super. 39, 47, 573 A.2d 1077, 1080 (1990) (*en banc*) and *In Interest of Cunningham,* 393 Pa.Super. 79, 80, 573 A.2d 1096, 1097 (1990) (*en banc*), *allocatur granted,* 527 Pa. 614, 617, 590 A.2d 755, 757 (1991) (juveniles are entitled to the benefit of effective representation of counsel in delinquency hearings). We agree with appellant that the right to effective representation has been acknowledged in delinquency actions as well as in dependency, termination of parental rights, involuntary commitment and paternity proceedings. *See, e.g., In Interest of A.P., In Matter of Smith* and *In Interest of Cunningham, supra; In re S.M.,* 418 Pa.Super. 359, 366, 614 A.2d 312, 315 (1992) and *In Matter of J.P.,* 393 Pa.Super. 1, 8, 573 A.2d 1057, 1061 (1990) (*en banc*) (parents of dependent children are entitled to effective representation in a dependency proceeding); *In re Adoption of T.M.F.,* 392 Pa.Super. 598, 607, 573 A.2d 1035, 1040 (1990) (*en banc*), *allocatur denied,* 527 Pa. 634, 592 A.2d 1301 (1990) (Pennsylvania law requires counsel in termination of parental rights proceedings and flowing from this it is presumed that counsel should be effective); *In re Hutchinson,* 500 Pa. 152, 158, 454 A.2d 1008, 1011 (1982) (alleged mental incompetent is entitled to effective representation by competent counsel in an involuntary commitment proceeding as the appointment of court-appointed counsel is statutorily required); *Corra v. Coll,* 305 Pa.Super. 179, 193–194, 451 A.2d 480, 488 (1982) (indigent defendant must be appointed counsel in a proceeding to establish paternity). However, we are not persuaded that this same right should be extended to protection from abuse proceedings.

The cases in which the right to effective counsel has been recognized fall into one of two categories: (1) cases in which the right to counsel is statutorily mandated; or (2) cases in which the defendant could be deprived of a fundamental or

substantial right under the United States or Pennsylvania Constitutions. Where the appointment of counsel is legislatively created, the courts have construed this right to necessarily include the right to effective and competent representation since the right to counsel would otherwise be rendered meaningless. *See, e.g., In re Hutchinson,* 500 Pa. at 157, 454 A.2d at 1011 and *In Matter of Smith,* 393 Pa.Super. at 45, 573 A.2d at 1079–1080.

▆ Unlike cases arising under the Juvenile Act or cases concerning involuntary commitment, there is no legislatively created right to court-appointed counsel in PFAA proceedings. Rather, the PFAA only requires that the court advise a defendant of the right to be represented at the hearing by counsel. *See* 23 Pa.C.S.A. § 6107(a). The right to be represented by counsel cannot be equated with the right to receive court-appointed counsel. The right to be represented by counsel in civil proceedings is one accorded to all individuals. However, all civil litigants do not have the right to court-appointed counsel. The PFAA thus cannot be construed as requiring the appointment of counsel for indigent parties.

Although there is no legislative right to counsel, we must next ascertain whether a PFAA action is the type of proceeding which involves the deprivation of a constitutional right so as to require the appointment of counsel. Even were we to assume, purely for the sake of argument, that the appointment of counsel was constitutionally mandated in a PFAA proceeding and that this encompasses the right to effective representation, we nevertheless conclude that appellant is not entitled to any relief.

▆ The appellate courts have generally applied the standard of review utilized in criminal proceedings to determine whether counsel has provided effective representation in non-criminal settings. *See, e.g., In re Hutchinson,* 500 Pa. at 158, 454 A.2d at 1011 (1982). In this case, the alleged ineffectiveness involves trial counsel's failure to preserve appellant's claims for review by filing timely post-trial motions. While this conduct is not to be condoned, it does not entitle appellant

to relief unless he can demonstrate: that the underlying claims have arguable merit; that counsel's actions had no reasonable basis designed to effectuate appellant's interests; and that he has been prejudiced by counsel's conduct. *See In re Hutchinson, supra; Commonwealth v. Persinger*, 532 Pa. 317, 321, 615 A.2d 1305, 1307 (1992); *In Interest of A.P.*, 421 Pa.Super. at 147, 617 A.2d at 767.

■ Appellant believes that relief is warranted because the evidence was insufficient to sustain the trial court's finding of abuse and because the trial court erred in admitting testimony concerning prior incidents of abuse. In reviewing an allegation of this type, this court has applied the same standard governing a review of the sufficiency of the evidence in a civil action, which is set forth as follows:

In considering the sufficiency of the evidence to sustain the verdict, we view the evidence in the light most favorable to the verdict winner, granting that party the benefit of all reasonable inferences, and determine whether the evidence introduced at trial was sufficient to sustain the verdict.

*Snyder v. Snyder*, — Pa.Super. at —, 629 A.2d at 982.

In support of his challenge to the sufficiency of the evidence, appellant relies upon *Keith v. Keith*, 28 D. & C.3d 462 (C.C.P. Lancaster 1984) and *Popeski v. Popeski*, 3 D. & C.4th 200 (C.C.P. Erie 1989). We find these decisions to be factually distinguishable from the instant case. The facts presented here are more closely aligned with those presented in *Ickes v. Ickes*, 3 D. & C.4th 166 (C.C.P. Adams 1989). In *Ickes*, the defendant-husband grabbed the steering wheel three times while the plaintiff-wife was driving and attempted to pull the vehicle to the side of the road. *Id.* at 167. The trial court found this conduct sufficient to constitute abuse under the PFAA. *Id.* at 169. Appellant's conduct in this case, *i.e.*, driving at a dangerous rate of speed over rural roads during the late evening hours and trapping appellee against a cement bridge abutment with the parties' van represents the same type of conduct deemed sufficient to constitute abuse as in *Ickes*.

■ Appellant also challenges the trial court's decision to admit appellee's testimony concerning a prior incident of abuse which occurred earlier in the parties' marriage. "Questions of the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *Moran v. G. & W.H. Corson, Inc.,* 402 Pa.Super. 101, 125, 586 A.2d 416, 428 (1991), *allocatur denied,* 529 Pa. 650, 602 A.2d 860 (1992) (citation and quotation marks admitted). *Accord Snyder v. Snyder,* —— Pa.Super. at ——, 629 A.2d at 982. "Evidence is admissible if . . . [it] logically or reasonably tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or affords the basis for or supports a reasonable inference or presumption regarding the existence of a material fact." *Moran v. G. & W.H. Corson, Inc.,* 402 Pa.Super. at 125–126, 586 A.2d at 428–429 (citations and quotation marks omitted).

As applied here, the trial court found that the evidence of prior abuse was relevant and probative with respect to the question of whether appellant's conduct reasonably placed appellee in fear of imminent serious bodily injury at the time the instant abuse occurred. N.T. 10/21/92 at 7–8. Under these circumstances, the trial court did not abuse its discretion in admitting evidence of the parties' prior conduct. *See Snyder v. Snyder,* —— Pa.Super. at ——, 629 A.2d at 982 (finding that prior incidents of abuse which had not been alleged in the plaintiff's petition were properly admitted where they were relevant and probative). Because neither of appellant's underlying claims has merit, trial counsel cannot be faulted for failing to preserve these issues for appellate review. Thus, appellant has failed to demonstrate that ineffective representation occurred in this case.

■ It is well settled that the appellate courts will not decide constitutional issues unless it is absolutely necessary to do so. *Krenzelak v. Krenzelak,* 503 Pa. 373, 381, 469 A.2d 987, 991 (1983); *Heard v. Heard,* 418 Pa.Super. at 258, 614 A.2d at 260. Since trial counsel was not ineffective in the instant case, this appeal is not the proper vehicle for resolving the constitu-

tional question of whether a defendant in a PFAA action is entitled to receive court-appointed counsel and whether that counsel must provide effective representation. Having found that appellant's allegations of error do not warrant the grant of any relief, we affirm the action of the lower court.

Order affirmed.