I concur in the main opinion. I write only to add that the main opinion is consistent with analogous precedent in this area. In a manner similar to Ala. Code 1975, § 30-5-6(a), which is a portion of Alabama's Protection from Abuse Act ("PFAA"), 23 Pa. Cons.Stat. § 6107(a), a portion of Pennsylvania's PFAA, provides that "[t]he court shall, at the time the defendant is given notice of the hearing, advise the defendant of the right to be represented by counsel" (emphasis added). The Pennsylvania Superior Court in Weirv. Weir, 428 Pa.Super. 515, 529, 631 A.2d 650, 657 (1993), held that that provision did not create a "right to court-appointed counsel in PFAA proceedings," reasoning:
 "The right to be represented by counsel cannot be equated with the right to receive court-appointed counsel. The *Page 175 
right to be represented by counsel in civil proceedings is one accorded to all individuals. However, all civil litigants do not have the right to court-appointed counsel. The PFAA thus cannot be construed as requiring the appointment of counsel for indigent parties."
Id.