J-A23043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LYNNE DAVIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS DAVIS, SR. | : | |
| | : | |
| Appellant | : | No. 203 MDA 2021 |

Appeal from the Order Entered January 8, 2021
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  20 FC 41095

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 21, 2021**

Appellant Thomas Davis, Sr. appeals the order entered by the Court of Common Pleas of Lackawanna County granting a final Protection from Abuse (PFA) order in favor of Appellee Lynne Davis and the parties' five minor children, T.D., A.D., G.D., S.D., and F.D.  We affirm.

The trial court summarized the factual and procedural history as follows:

> [Appellee] filed on or about May 5, 2017, a Petition for Protection from Abuse (hereinafter "PFA") on behalf of her herself and the minor children against [Appellant] at docket number 2017-FC-40588.  In [Appellee's] petition, [Appellee] alleged [Appellant] was intoxicated and kicked in a door and began to yell at [Appellee].  [Appellee] alleged [Appellant] hit [one of the minor children] leaving the child bruised with marks.  Additionally, [Appellee] alleged [Appellant] hit her on several occasions.  As a result, [Appellee] was granted a Temporary PFA order on behalf of herself and the minor children against [Appellant] dated May 5, 2017.  The Honorable Judge Andrew Jarbola granted a final PFA Order [on] May 19, 2017 against [Appellant] on behalf of

---

[*] Former Justice specially assigned to the Superior Court.

[Appellee] and the minor children for a period of three (3) years, which expired on or about May 19, 2020.

Then on or about September 24, 2020, [Appellee] filed a Petition for PFA on behalf of herself and the minor children against [Appellant] wherein she alleged [Appellee] was sexually abusive to the eldest daughter and was harassing and stalking the family. [Appellee] further alleged [Appellant's] past pattern of abuse wherein [Appellant] was intoxicated and acted violently toward the minor children. As a result, [Appellee] was granted a Temporary PFA Order on behalf of herself and the minor children against [Appellant].

A hearing[FN1] commenced before [the lower court] on January 8, 2021. At the time of the hearing, [Appellant] participated via telephone[FN2] and [Appellee] participated via Zoom. After the commencement of the hearing, [Appellant] inquired if his attorney was present. [Appellant] informed the Court he was to be represented by Dominic Mastri, Esquire. Prior to the hearing, Attorney Mastri had not checked in with the Court nor did Attorney Mastri's name appear in the waiting room. At that time, [the lower court] found Attorney Mastri had failed to appear at the date and time of the hearing.

[FN1:] By Order dated December 18, 2020, in accordance with the Order of the Supreme Court dated May 27, 2020 in which President Judges were granted authorization to extend local judicial emergency declarations based on local conditions; Lackawanna County extended the judicial emergency through February 28, 2021. All Family Court matters were to be conducted in a manner at the sole discretion of the judge assigned to the case. The continued use of advanced communication technologies for all court proceedings were highly encouraged. Thus, in accordance with the Court's Order, all PFA matters were heard using Zoom technology.

[FN2:] At the time of the hearing, [Appellant] was incarcerated at SCI-Coal Township. [Appellant] was arranged by SCI-Coal Township to participate via phone conference.

After his hearing, [the lower court] granted a PFA order dated January 8, 2021 against [Appellant] on behalf of [Appellee] and the minor children for a period of three (3) years.

Following the hearing, Attorney Mastri contacted [the trial court] and informed the court he had been in the waiting room during the time of the hearing under another name due to technical issues. The Court informed Attorney Mastri to file for reconsideration. On or about January 19, 2021, Attorney Mastri filed a Petition to Vacate the Protection from Abuse Order and/or Petition for Reconsideration in which Attorney Mastri alleged his technical difficulties and attempts to contact the Court's chamber. The Court granted a hearing on [Appellant's] Petition to be held on Monday, February 8, 2021. On the morning of February 8, 2021, the Court received a telephone call and facsimile from Attorney Mastri's office indicating that he withdrew the Petition to Vacate/Reconsideration and no longer required the hearing.[FN3] Later that day, on February 8, 2021, [Appellant] filed a Notice of Appeal of [the trial court's] Order dated January 8, 2021.

[FN3:] The Court intended to address [Appellant's] technical difficulties during the hearing on [Appellant's] Petition for Reconsideration. Upon review of [Appellant's] Petition for Reconsideration, the Court noted the email address was incorrect as Lackawanna was misspelled in the domain name. For this reason, the Court did not receive Attorney Mastri's emails. Additionally, the Court did not receive a message via Zoom as those in the waiting room cannot communicate with those participating in the hearing.

Trial Court Opinion, 3/31/21, at 1-3.

Appellant presents the following questions for this Court's review:

1. Whether the trial court erred in law and/or abused its discretion when the trial court allowed the hearing on the Protection From Abuse Order ("PFA") to proceed without [Appellant's] counsel present.

2. Whether the trial court violated Appellant's right to counsel.

3. Whether the trial court erred in law and/or abused its discretion in entering the PFA against Appellant when the PFA with identical allegations expired in May 2020.

Appellant's Brief at 4.

This Court's standard of review of a PFA order is well-settled: "[i]n the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." **E.K. v. J.R.A.**, 237 A.3d 509, 519 (Pa.Super. 2020) (internal citation and quotation marks omitted). In addition:

> The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, with the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

**Mescanti v. Mescanti**, 956 A.2d 1017, 1019 (Pa.Super. 2008) (quoting **Custer v. Cochran**, 933 A.2d 1050, 1053-54 (Pa.Super. 2007) (*en banc*)).

In Appellant's first two claims, he asserts that the trial court erred in allowing the PFA hearing to proceed without Appellant's counsel, who subsequently notified the trial court that technical difficulties prevented him from joining the electronic hearing. In addition, Appellant claims the trial court denied him the right to counsel by failing to colloquy Appellant to ensure he knew he had the right to counsel. Had the trial court done so, Appellant argues that he could have requested a continuance.

The Pennsylvania PFA Act provides that "[t]he court shall, at the time the defendant is given notice of the hearing, advise the defendant of the right

to be represented by counsel, of the right to present evidence, of the right to compel attendance of witnesses …" 23 Pa.C.S.A. § 6107(a).

Appellant fails to acknowledge that he was notified of his right to counsel when he was served with notice of the PFA petition. The notice included the required language set forth in Section 6107, informing Appellant that he had a right to be represented by counsel. The notice further recommended that Appellant seek the assistance of an attorney and specifically stated that "[i]f you cannot find a lawyer, you may have to proceed without one." Order, 9/24/20.

Despite having this notice, Appellant did not inform the trial court that he had retained an attorney until after Appellee had finished testifying. As such, the trial court was unaware that Appellant had representation until Appellee concluded her presentation of evidence. At no point did Appellant ask for a continuance to allow his attorney to attend. When prompted by the trial court, Appellant indicated that he did not wish to present testimony on his behalf.

We reject Appellant's suggestion that the trial court was required to colloquy him before the PFA hearing to see if he understood that he had the right to counsel. Rule 6107 only requires the trial court to advise a defendant of his right to be represented by counsel "at the time the defendant is given notice of the hearing." 23 Pa.C.S.A. § 6107(a).

Moreover, this Court has held that:

- 5 -

> Unlike cases arising under the Juvenile Act or cases concerning involuntary commitment, there is no legislatively created right to court-appointed counsel in [PFA] proceedings. Rather, the [PFA] only requires that the court advise a defendant of the right to be represented at the hearing by counsel. **See** 23 Pa.C.S.A. § 6107(a). The right to be represented by counsel cannot be equated with the right to receive court-appointed counsel. The right to be represented by counsel in civil proceedings is one accorded to all individuals. However, all civil litigants do not have the right to court-appointed counsel.
>
> **Weir v. Weir**, 428 Pa.Super. 515, 631 A.2d 650, 657 (1993). The **Weir** court held that a PFA action is not the type of proceeding which involves the deprivation of a constitutional right so as to require the appointment of counsel. **Id**.

**Varner v. Holley**, 854 A.2d 520, 523 (Pa.Super. 2004). As Appellant received notice that he had a right to be represented by counsel at the PFA hearing, we find Appellant's first two claims to be meritless.

Lastly, Appellant argues that the trial court erred in granting the PFA against him as he argues that the instant PFA contained identical allegations to the previous PFA against Appellant which expired in May 2020.

As an initial matter, we emphasize that "[t]he purpose of the [PFA act] is to protect victims of domestic violence from the perpetrators of that type of abuse and to prevent domestic violence from occurring." **Ferko-Fox v. Fox**, 68 A.3d 917, 921 (Pa.Super. 2013). The PFA Act defines the term "abuse" as follows:

> **"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or person who share biological parenthood.
>
> (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, rape, involuntary deviate sexual

intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2) Placing another in reasonable fear of imminent serious bodily injury.

(3) The infliction of false imprisonment pursuant to 18 Pa.C.S.[A.] § 2903 (relating to false imprisonment).

(4) Physically or sexually abusing minor children including such terms as defined in Chapter 63 (relating to child protective services).

(5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecution commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102(a).

Appellant's final claim challenges the sufficiency of the evidence supporting the trial court's decision to grant the final PFA petition. Our standard of review is as follows:

> [w]hen faced with a sufficiency challenge under the PFA Act, we review the evidence in the light most favorable to the petitioner and, granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. **Hood-O'Hara v. Wills**, 873 A.2d 757, 760 (Pa. Super. 2005). Furthermore, we must defer to the credibility determinations of the trial court. **Id.** Finally, we note that a PFA petitioner is not required to file a police report, nor is it necessary for her to introduce medical evidence of an injury. **Id.** at 761. The petitioner's testimony is sufficient if it is believed by the trial court. **Id.**

**Custer**, 933 A.2d at 1058.

Although Appellant argues that the trial court erred in part in considering Appellee's testimony to past abuse, this Court has recognized that

> [p]ast abusive conduct on the [defendant's] part [is] a crucial inquiry necessary for entry of a proper order. Because the goal of the PFA Act is to prevent physical and sexual abuse, a victim does not have to wait for physical or sexual abuse to occur for the PFA Act to apply, and past acts are relevant to determine the reasonableness of the petitioner's current fear.

*E.K.*, 237 A.3d at 522 (citations and quotation marks omitted).

Further, while the trial court acknowledged that Appellee had included allegations that had been considered in the issuance of the prior PFA order, the trial court also found Appellee presented credible testimony that Appellant had physically and sexually abused the parties' eldest daughter and had been imprisoned as a result of these actions. The trial court was also concerned by Appellee's testimony that the parties' eldest daughter attempted to commit suicide after learning that Appellant could potentially be released from prison. In addition, the trial court found Appellee testified credibly when she asserted that Appellant attempted to contact her and the children while the current PFA was in place.

As such, we conclude that the trial court did not err in finding that the evidence warranted the issuance of the final PFA against Appellant in favor of Appellee and the couple's children.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2021