## Zittle v. Zittle

*Kenneth J. Sparler,* for plaintiff.
*Jeffrey T. Bitzer,* for defendant.

DORNEY, *J.*, August 8, 1989 — This matter is before the court on a petition to enforce marital agreement filed by Wanda L. Zittle, the defendant in the original divorce action. Michael A. Zittle (the respondent in this proceeding) was the plaintiff in the divorce action. The wife asks this court to direct the husband to comply with that portion of the agreement wherein the husband agreed to provide college support for the parties' daughter, Heather Zittle. The husband objects to enforcement for essentially two reasons: (1) because Heather has not shown a desire and/or ability to matriculate and succeed in college; and, (2) because the agreement was incorporated into, but did not merge with, the divorce decree and, therefore, is not enforceable as a court order but in actions in assumpsit or in equity by specific performance.

On June 6, 1986, the parties signed a marital settlement agreement which was subsequently incorporated into a divorce decree on June 26, 1986. According to paragraph C.3 of the agreement, the husband is to be solely responsible for and pay the reasonable costs of Heather's college education including, but not limited to, tuition, room, board, books, supplies, fees and transportation.

The wife filed a petition for contempt alleging that the husband willfully violated the court order of June 26, 1986. On January 20, 1989, following a hearing, we dismissed the petition for contempt. We indicated to the parties that we would enforce the agreement and direct the husband to comply with the agreement and order if we were presented with a petition for enforcement. However, future obligation would be conditioned on Heather's obtaining a grade-point average at the end of the spring 1989 semester, sufficient to give her good academic standing.

Since our order of January 20, the wife filed the instant petition to enforce the marital agreement. The husband has, for the first time, raised the issue of jurisdiction of this court to enforce the agreement as a court order. Lack of subject matter jurisdiction was not raised as a defense to the wife's contempt petition. However, we recognize that this issue may be raised at anytime by the parties or sua sponte by the court. In support of this argument that the agreement cannot be enforced as a court order, the husband cites the recent case of *Andursky v. Andursky*, 382 Pa. Super. 1, 554 A.2d 571 (1989).

In *Andursky*, the Superior Court echoed the decision of *Sonder v. Sonder*, 378 Pa. Super. 474, 549 A.2d 155 (1988), in holding that the court lacks jurisdiction to enforce an agreement under the Divorce Code when the agreement speaks of incorporation but rejects merger. The court held that such agreements are governed by the law of contract, and are enforceable in actions in assumpsit or in equity for specific performance. Since neither of the agreements in *Andursky* or *Sonder* were merged with the divorce decree, they were not court orders and the extraordinary powers flowing from a court order were not available.

We have now had the opportunity to review the entire agreement. There is no question that, although the agreement speaks of incorporation, it rejects merger. Specifically, paragraph 8 states that "the parties agree that the terms of this stipulation shall be incorporated into, but shall not merge with, any divorce decree that shall be entered with respect to them."

Although the divorce decree incorporated the agreement and directed the parties to comply with it, the operative language is contained in the agree-

ment. We believe that, under *Andursky* and *Sonder,* the marital agreement is not enforceable as a court order.

Accordingly, we shall enter the following

## ORDER

And now, August 8, 1989, the petition to enforce marital agreement is refused.