629 A.2d 1036

**Deborah HECKER, Appellant,**

v.

**Daniel H. O'CONNELL, Sr., Appellee.**

Superior Court of Pennsylvania.

Argued May 19, 1993.

Filed Aug. 23, 1993.

Elizabeth W. Fritsch, Doylestown, for appellant.

Daniel H. O'Connell, Sr., appellee, pro se.

Before WIEAND, HOFFMAN and CERCONE, JJ.

WIEAND, Judge.

Is the Pennsylvania Supreme Court's decision in *Blue v. Blue*, 532 Pa. 521, 616 A.2d 628 (1992), to be applied retroactively to a support order which had been entered prior to the date of that decision?  The trial court held that *Blue* was to be given retroactive effect and vacated an order which had directed a father to contribute to the support of a daughter who was attending college.  After careful consideration, we reverse.

Deborah L. Hecker ("mother") and Daniel H. O'Connell ("father"), the parents of two children, were divorced on April 24, 1987.  On August 2, 1990, father was ordered to pay one hundred sixty ($160.00) dollars per week for the support of his

son, Sean, age seventeen, and to pay seventy (70%) percent of the college expenses of his daughter, Sarah, age twenty-one, who was seeking a fine arts degree at Carnegie Mellon University. This order was affirmed by the Superior Court. See: *O'Connell v. O'Connell*, 409 Pa.Super. 25, 597 A.2d 643 (1991).

On October 21, 1992, mother filed a "Petition For Special Relief" in which she requested a hearing because of father's failure to make payments required by the court's order. Father, on November 20, 1992, filed a "Counter–Petition For Special Relief" in which he requested that his obligation to contribute to his daughter's education be terminated. In support of his petition, father cited *Blue v. Blue, supra*, which had been decided by the Supreme Court of Pennsylvania on November 13, 1992. In *Blue*, the Supreme Court overruled well settled Superior Court precedent and held that a parent had no duty to pay college expenses for his or her children. Once a child reached majority (eighteen) or graduated from high school, whichever occurred later, the Court held, the duty of parental support came to an end. See: *Blue v. Blue, supra* at 529, 616 A.2d at 632–633.

Following a hearing on mother's and father's petitions, the trial court agreed with father that *Blue* had effectively eliminated father's obligation to contribute to Sarah's education. An order, therefore, was entered which terminated the prior order. Mother appealed.

"At common law, an overruling decision is normally retroactive." *August v. Stasak*, 492 Pa. 550, 554, 424 A.2d 1328, 1330 (1981), citing *Buradus v. General Cement Products Co.*, 356 Pa. 349, 52 A.2d 205 (1947) and *Harry C. Erb, Inc. v. Shell Constr. Co.*, 206 Pa.Super. 388, 213 A.2d 383 (1965). See also: *Blackwell v. Commonwealth, State Ethics Comm'n*, 527 Pa. 172, 182, 589 A.2d 1094, 1099 (1991). Here, however, the legislature has intervened to direct a different result. By Act 62, approved July 2, 1993, the legislature, in essence, codified the substantive law appearing in *Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963) and subsequent Superior Court decisions. See: Preamble to Act 62, *supra*. The

legislature also provided that Act 62 should be applied retroactively to November 12, 1992, one day prior to the Supreme Court's decision in *Blue.*

The legislature provided, in part, as follows:

§ 4327. Postsecondary Educational Costs.

(A) General Rule.—Where applicable under this section, a court may order either or both parents who are separated, divorced, unmarried or otherwise subject to an existing support obligation, to provide equitably for educational costs of their child whether an application for this support is made before or after the child has reached 18 years of age. The responsibility to provide for postsecondary educational expenses is a shared responsibility between both parents. The duty of a parent to provide a postsecondary education for a child is not as exacting a requirement as the duty to provide food, clothing and shelter for a child of tender years unable to support himself. This authority shall extend to postsecondary education, including periods of undergraduate or vocational education after the child graduates from high school.

Act 62 of July 2, 1993, § 3.

As noted, the Act is to "apply to all ... support orders ... *in effect on,* executed or entered since, *November 12, 1992." Id.* (emphasis added). Whether statutes are to be applied retroactively is a matter of legislative intent. See: *In re 1985 Washington County Annual Fin. Report Surcharge,* 529 Pa. 81, 90, 601 A.2d 1223, 1228 (1992); *Flick v. Flick,* 408 Pa.Super. 110, 117, 596 A.2d 216, 219–220 (1991), *allocatur denied,* 529 Pa. 657, 604 A.2d 249 (1992). Here, it is clear that the legislature intended the statute to take effect retroactively to prevent the invalidation of college support orders entered prior to the decision in *Blue.* In view of the legislature's express intent to apply Act 62 retroactively to nullify *Blue,* we must vacate the order terminating appellee's duty to contribute to the college education of his daughter.

Reversed and remanded to the trial court for reconsideration in light of Act 62. Jurisdiction is not retained meanwhile.