J-S51029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS C. KELLEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FRANCES C. KELLEY | |
| Appellee | No. 3080 EDA 2015 |

Appeal from the Order Entered September 10, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2008-016439

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED JULY 26, 2016**

Thomas C. Kelley (hereinafter "Husband") appeals from the order entered in the Court of Common Pleas of Delaware County denying Husband's Petition to Terminate Alimony.  After careful review, we affirm.

The parties, Husband and Frances C. Kelley (hereinafter "Wife"), were married on April 14, 1984.  On September 12, 2006, they separated.

On December 10, 2013, Husband filed a Petition to Terminate Alimony. Wife filed an Answer to Husband's Petition to Terminate Alimony and New Matter for Counsel Fees on January 20, 2015.  The court held hearings on January 20, 2015, January 28, 2015 and April 15, 2015.

_____

[*] Retired Senior Judge assigned to the Superior Court.

At the hearing, Husband and Wife stipulated that they entered into a Property Settlement Agreement. This stipulation was placed on the record on March 12, 2013. The agreement provided that beginning April 1, 2013, Husband was to pay Wife alimony in the amount of $3800 per month for a period of ten years. It also provided that if Wife "remarries, cohabits with a person of the opposite sex in a romantic relationship, . . . [or] if she dies, then alimony shall terminate." Hearing, March 12, 2013, at 8-9.

By order dated September 9, 2015, the court denied Husband's petition to terminate alimony. The court concluded that Husband did not prove, by a preponderance of the evidence, that Wife cohabited with Carter Winterbottom ("Winterbottom").

Husband filed a notice of appeal, and by order dated October 8, 2015, the trial court directed Husband to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On October 28, 2015, Husband filed his Rule 1925(b) Statement. Husband raises the following claims for our review:

> 1. Whether Wife was cohabitating with Winterbottom, thereby relieving Husband of the obligation to pay her alimony?
>
> 2. Whether the Lower Court erred in requiring the "passage of time" as a prerequisite to finding cohabitation?
>
> 3. Whether the Lower Court erred in requiring a couple to hold themselves out in the community as husband and wife before cohabitation will be found?

Brief for Appellant, at 25.

In reviewing orders granting, denying or modifying support or alimony, this court is limited to considering whether the trial court abused its discretion or committed an error of law. **Simmons v. Simmons**, 723 A.2d 221, 223 (Pa. Super. 1998). An abuse of discretion requires proof of more than a mere error of judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality. **Id.** at 222-223 (citing **Crawford v. Crawford**, 633 A.2d 155,156 (Pa. Super. 1993)). Additionally, our scope of review is narrow. **Peck v. Peck**, 707 A.2d 1163, 1163 (Pa. Super. 1998).

The record reveals that the parties were married for 22 years prior to their separation in 2006. The following facts are not in dispute. Wife and her paramour, Winterbottom, have been in a romantic, monogamous sexual relationship since 2011. They have been friends since 2006. Winterbottom sleeps at Wife's residence on average of two or three nights a week. He visits Wife's residence each morning, and they solve crossword puzzles together. When Wife is away, Winterbottom walks Wife's dogs when he is available, takes out the trash, and kills weeds in her lawn. When Winterbottom does shopping for the household, Wife reimburses him the amount he spent. They often go out and travel together. Winterbottom keeps a toothbrush and deodorant at Wife's house.

The court determined that the facts in this case, although close, did not establish by a preponderance of the evidence that Wife and

Winterbottom were cohabitating. Significant to the court's determination was the fact there was no indication that Wife and Winterbottom were sharing a household or that they were socially or financially interdependent.

Cohabitation means more than two individuals seeing each other on an occasional basis and taking a week-long trip together, even if the individuals sporadically engage in sexual relations. *Thomas v. Thomas*, 483 A.2d 945 (Pa. Super. 1984). *See also Miller v. Miller*, 508 A.2d 550 (Pa. Super. 1986); *Lobaugh v. Lobaugh*, 753 A.2d 834 (Pa. Super. 2000). Cohabitation is not evidenced simply by remaining at someone's house overnight, nor it is evidenced by mere sexual liaisons; cohabitation requires some permanence of relationship coupled with more than occasional sexual activity. *Miller*, 508 A.2d at 553-554.

Cohabitation may be shown by evidence of financial, social, and sexual interdependence. *Lobaugh, supra*. In *Lobaugh*, the court found that the couple was cohabitating despite wife's protests that she was merely helping a male friend by providing housing during a crisis. The couple lived together for nine weeks. They shared a bedroom during that period, and they regularly took meals together. In a 2-1 decision, a panel of this Court found that the factual circumstances were sufficient to prove cohabitation and wife's resultant non-entitlement to continued alimony. The panel reiterated that cohabitation, for purposes of barring alimony, occurs when:

> two persons reside together in the manner of husband and wife, mutually assuming those rights and duties usually attendant upon the marriage relationship. Cohabitation

may be shown by evidence of financial, social and sexual interdependence, by sharing of the same residence, and by other means. . . . An occasional sexual liaison, however, does not constitute cohabitation.

***Lobaugh***, 753 A.2d at 836 (quoting ***Miller***, 508 A.2d at 554).[1]

Here, husband must establish by a preponderance of the evidence not only that Wife and Winterbottom were residing together, but that they were living together "in the manner of husband and wife." ***See Miller,*** 508 A.2d at 554.

Husband argues that the trial court's determination that Wife was not cohabitating with Winterbottom was error. Here, the court reasoned that there was no cohabitation because Husband failed to prove by a preponderance of the evidence that Wife and Winterbottom lived as husband and wife, or that they mutually assumed duties attendant to a marriage relationship. We conclude the facts here lead to the conclusion that Wife and her paramour were not living "in the manner of husband and wife" and that they were not cohabitating for purposes of relieving husband of his alimony obligation.

Here, it is apparent that Wife and Winterbottom shared a friendship and a sexual relationship. However, they maintained individual residences.

---

[1] The ***Lobaugh*** dissent opined that because the paramour did not share in the household expenses, but maintained a separate apartment and did not spend every night with wife, cohabitation had not been established. ***Id***. at 838-39.

Further, there was no evidence that Wife and Winterbottom were financially or socially interdependent. **Miller**, 508 A.2d at 554. There was no evidence of duties, obligations and rights that the two of them would have unavoidably shared if they were truly cohabitating. The couple did not share their incomes, expenses or other financial obligations. They maintained no joint accounts of any kind. Wife's mortgage, which Winterbottom helped her refinance, was secured by Wife's residence, and the evidence showed that Wife made timely payments on the note.

Additionally, Wife's and Winterbottom's friends and acquaintances testified that they believed that the nature of their relationship was similar to that of girlfriend-boyfriend, and they testified that the couple held themselves out as such. Winterbottom spends, on average, two nights a week at Wife's residence. He does not receive mail at Wife's residence, and neither keeps personal belongings at each other's residences, expect for minor personal care items, such as deodorant and toothbrush on Winterbottom's part. We conclude, therefore, that the court did not err or abuse its discretion in ruling that Husband failed to prove cohabitation by a preponderance of the evidence. **Lobaugh**, **supra**; **Miller**, **supra**.[2]

_____

[2] We note that the law prohibits an *award* of alimony where the petitioner, "subsequent to the divorce pursuant to which alimony is being sought, has entered into cohabitation with a person of the opposite sex who is not a member of the family of the petitioner within the degrees of consanguinity." **See** 23 Pa.C.S.A. § 3706. This statute is not applicable here, where alimony was not the result of a court-ordered award, but was based on a property
*(Footnote Continued Next Page)*

Husband also alleged that the court erred in requiring the "passage of time" as a prerequisite to finding cohabitation, and he argues there is no precedent to support this. Husband, however, misconstrues the court's statement. Husband mistakenly assumes that the court required a specific time period in order to find cohabitation. The court specifically stated otherwise in its opinion, that it required "something more than the passage of time." Trial Court Opinion, 1/20/16, at 7.

Husband also alleged that the trial court erred in requiring a couple to hold themselves out in the community as husband and wife to establish cohabitation. Once again, Husband misconstrues the court's statement. The court specifically concluded that Husband "failed to proffer any evidence suggesting that [Wife] and Winterbottom live as husband and wife *or* hold themselves out as such *or* that anyone ever heard [Wife] *or* Winterbottom indicate that they were sharing household or were living together." *See* Order/Findings of Fact/Conclusions of Law, 9/9/15, at 13-14 (emphasis added). Contrary to Husband's argument, the court did not require a showing that the couple held themselves out as husband and wife as a prerequisite to finding cohabitation.

Order affirmed.

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

settlement agreement between the parties. *See Woodings v. Woodings*, 601 A.2d 854 (Pa. Super. 1992).

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2016