J. S91012/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| ROSE ANN PORTERFIELD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERIC JON PORTERFIELD, | : | No. 553 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered March 7, 2016,
in the Court of Common Pleas of Centre County
Civil Division at No. 05-0185

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:           **FILED MARCH 17, 2017**

Eric Jon Porterfield ("Father") appeals the March 7, 2016 order of the Court of Common Pleas of Centre County that granted Rose Ann Porterfield's ("Mother") petition to recover tuition and expenses and entered judgment in favor of Mother and against Father in the amount of $51,965.58 which represented 55% of the tuition and college expenses paid for the parties' two older children.[1]  The trial court also entered judgment of $55,000 as an initial contribution toward additional tuition and expenses anticipated for the second child to attend college plus $55,000 as an initial contribution toward

---

* Former Justice specially assigned to the Superior Court.

[1]This amount consisted of $15,161.49 for the oldest child's tuition, $29,710.23 for the oldest child's expenses, $38,203.00 for the second child's tuition, and $11,408.15 for the second child's expenses.

the tuition and expenses anticipated by the third child to attend college.[2] The order also specified that all of the terms of the Divorce Decree and Agreement between Rose Ann F. Porterfield and Eric J. Porterfield, February 19, 2008 ("Agreement") shall remain in full force and effect.

Father and Mother were married on October 7, 1989. The parties had three children while married. Mother filed for divorce on January 18, 2005. The parties acknowledged that the marriage was irretrievably broken, and both issued affidavits of consent.

On February 19, 2008, the parties requested to incorporate the Agreement into the final divorce decree. The Agreement distributed the marital property and established Father's child support obligation. Section 4.3 of the Agreement addressed the educational expenses of the parties' children and provided:

> [Mother] shall pay 45 percent and [Father] shall pay 55 percent of the private school and college expenses of the children that are not covered by funds owned by the children or held on their behalf, scholarships, awards and grants. The parties shall make the payments required by this paragraph on or before the date that the payment is due. Such expenses are defined as all expenses billed by the institution or service providers to the institutions including without limitation, tuition, room and board, cafeteria fees, books and bookstore fees, laboratory fees, and activity fees. Neither party shall incur debt that one of their children would be obligated to pay as a means of funding the obligation by this paragraph.

---

[2] The third child was in tenth grade at the time the trial court issued the order.

Agreement, Section 4.3 at 16.

By order dated February 19, 2008, the trial court approved the Agreement and entered it as an order of court in adjudication of claims related to the divorce action. The trial court incorporated the Agreement into the divorce decree.

On June 9, 2015, Mother petitioned for contempt and enforcement and asserted that Father had violated Section 4.3 of the Agreement:

8. [Mother] has paid tuition costs for the parties' [oldest child] totaling more than $30,000.

9. [Mother] has also paid for room and board, text books, insurance, utilities, parking and other necessities for [the oldest child].

10. [Mother] has paid tuition costs for the parties' [second child], totaling approximately $30,000.

11. [Mother] has also paid additional costs associated with overseas studies, text books, and other necessities for the parties' [second child].

12. Despite the request for reimbursement from [Father], [Father] has refused to reimburse [Mother] or otherwise pay his 55% share of tuition and other costs.

13. [Mother] has paid and continues to pay for computers, text books and related college expenses on behalf of the children.

14. The parties' third child . . . is expected to enter college in approximately two (2) years. It is estimated that college tuition for [the third

child's] post-secondary education may amount to $100,000.

15.    [Father] has refused [Mother's] request to save, invest or otherwise provide $55,000 to [Mother as an initial contribution to [the third child's] college tuition.

16.    [Father] is in contempt of Section 4.3 of the parties' Agreement for his failure to make payments toward the tuition and other college expenses of the children which are not otherwise covered by funds owned by the children or held on their behalf, *e.g.* scholarships, awards and grants, on or before the payment is due.

17.    [Father] has willfully disobeyed the Court's February 19, 2008 Decree in Divorce by refusing to comply with the Agreement of the parties.

Petition for contempt and enforcement, 6/9/15 at 2-3, ¶¶ 8-17.  Mother sought a determination that Father was in contempt, reimbursement for 55% of the college expenses of the older two children which Mother had already paid, and payment of $55,000 as an initial contribution toward the tuition and expenses anticipated for the third child to attend college.  Mother also sought attorney's fees, costs, and expenses.

Following a hearing and the submission of briefs, the trial court granted the petition with respect to the amounts owed by Father to Mother for tuition and denied the petition with respect to the request for attorney's fees.  In addition to paying for expenses already incurred, the trial court entered judgment against Father in the amount of $55,000 for estimated

future educational and related expenses for the second child and $55,000 for future expenses for the third child. Father then timely appealed to this court.

Father presents the following issues for this court's review:

1.   Whether the trial court abused its discretion and committed an error of law when it imposed a prospective obligation to make payments toward future college tuition and expenses before such expenses are incurred?

2.   Whether the trial court abused its discretion and committed an error of law when it imposed an obligation to make payment toward unsubstantiated educational expenses?

Father's brief at 5.

When interpreting a marital settlement agreement, "the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function." *Chen v. Chen*, 840 A.2d 355, 360 (Pa.Super. 2003), *appeal granted in part*, 853 A.2d 1011 (Pa. 2004). On appeal from an order interpreting a marital settlement agreement, we must decide whether the trial court committed an error of law or abused its discretion. *Tuthill v. Tuthill*, 763 A.2d 417, 419 (Pa.Super. 2000) (*en banc*), *appeal denied*, 775 A.2d 808 (Pa. 2001).

"[J]udicial discretion" requires action in conformity with law on facts and circumstances before the trial court after hearing and due consideration. Such discretion is not absolute, but must constitute the exercise of sound discretion. This is especially so where, as here, there is law to apply. On appeal, a trial court's decision will generally not be reversed unless there

> appears to have been an abuse of discretion or a fundamental error in applying correct principles of law. An "abuse of discretion" or failure to exercise sound discretion is not merely an error of judgment. But if, in reaching a conclusion, law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or lacking in reason, discretion must be held to have been abused.
>
> ***In re Deed of Trust of Rose Hill Cemetery Ass'n Dated Jan. 14, 1960***, 590 A.2d 1, 3 (Pa. 1991) (internal citations omitted). ***See also Miller v. Sacred Heart Hosp.***, 753 A.2d 829, 832 (Pa.Super. 2000). "Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation." ***Chen***, ***supra*** at 360. "Our standard of review over questions of law is ***de novo*** and to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision." ***Kripp v. Kripp***, 849 A.2d 1159, 1164 n. 5 (2004). However, we are bound by the trial court's credibility determinations. ***Wade v. Huston***, 877 A.2d 464 (Pa.Super. 2005). (Footnote omitted.)

***Stamerro v. Stamerro***, 889 A.2d 1251, 1257-1258 (Pa.Super. 2005).

A reviewing court is permitted only to construe the contract as it is written and may not modify the plain meaning of the contract. ***Mazurek v. Russell***, 96 A.3d 372, 378 (Pa.Super. 2014).

Initially, Father contends that the trial court improperly ordered him to prepay for college tuition and expenses for the second and third children. Both parties agree that the law of contracts governs a property settlement agreement if the agreement is not merged into the divorce decree. If such

an agreement is incorporated, but not merged, into the divorce decree, it survives the entry of the divorce decree and is then governed by contract law. **Nessa v. Nessa**, 581 A.2d 674, 676 (Pa.Super. 1990). The intention of the parties determines whether an agreement has merged with a divorce decree. **Peck v. Peck**, 707 A.2d 1163, 1165 (Pa.Super. 1998). In ascertaining the intent of the parties, a court looks to the plain language of the agreement itself. **Id.**

Here, a review of the record reveals that Section 1.3 of the Agreement specifically provides "[t]his Agreement shall be incorporated into, but not merged with, any divorce decree that may be entered." (Agreement, Section 1.3 at 2.) The trial court incorporated the Agreement as part of the divorce decree by order dated February 19, 2008. (Order, 2/19/08 at 1.) A provision in a valid incorporated but not merged agreement is not subject to modification by the trial court. **See** 23 Pa.C.S.A. § 3105(c); **McMahon v. McMahon**, 612 A.2d 1360 (Pa.Super. 1992).

Here, Section 4.3 of the Agreement provides that Father shall pay 55% of the private school and college expenses for the three children that are not covered by funds owned by the children or held on their behalf, scholarships, awards, and grants. Section 4.3 further provides:

> [t]he parties shall make the payments required by this paragraph **on or before the date that the payment is due. Such expenses are defined as all expenses billed by the institution or service providers to the institutions including without limitation, tuition, room and board, cafeteria**

> **fees, books and bookstore fees, laboratory fees, and activity fees.**

Agreement, Section 4.3 at 16 (emphasis added).

The trial court ordered Father to pay $55,000 for the future college expenses of each of the two younger children. At the time, the second child had two and one-half years of college remaining. The third child was in tenth grade. The Agreement contains no provision for prepayment of tuition. It only states that Father and Mother shall make the required payments on or before the date that the payment is due. In the case of the third child who was in tenth grade at the time, it is not clear whether he will actually attend college. Similarly, according to the record, there are not bills currently due for the second child for tuition and expenses that will be incurred in the future. Based on the plain language of the Agreement, Father has no obligation to prepay educational expenses that have not been incurred and may not be incurred. Although the trial court was attempting to avoid the situation of Father not paying the expenses as they came due, as had happened before, the trial court lacked the authority to do so based on the language of the Agreement.

Father next contends that the trial court abused its discretion and committed an error of law when it imposed an obligation to make payment toward unsubstantiated educational expenses. Father argues that even though Mother provided a list of expenses incurred for the two older children while they were in college, no effort was made to differentiate between

general expenses and **bona fide** educational expenses.  Father concedes that the information may be in Mother's exhibits but argues that the trial court made no effort to determine whether these claimed expenses were for actual education expenses.

The trial court did not address this issue in its opinion issued pursuant to Pa.R.A.P. 1925(a) because Father did not raise it in his concise statement of errors complained of on appeal, which he filed pursuant to Pa.R.A.P. 1925(b).  In his statement, Father poses the following question: "2. Whether the trial court abused its discretion and committed an error of law when it imposed a **prospective** obligation to make payment toward unsubstantiated school expenses?"  (Concise statement of errors complained of on appeal, 4/20/16 at 1-2 (emphasis added).)  This issue referred to the prospective assessment for expenses that had not yet occurred, rather than the legitimacy of alleged expenses already incurred.  Issues not raised in a Rule 1925 concise statement of errors will be deemed waived.  **Linde v. Linde Enterprises, Inc.**, 118 A.3d 422, 430 (Pa.Super. 2015), **appeal denied**, 129 A.3d 1243 (Pa. 2015).  An appellate court may raise waiver under Rule 1925(b) **sua sponte**.  **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011).

Order affirmed in part and reversed in part.  The portion of the order entering judgment in the amount of $51,965.58 is affirmed.  The portion of

J. S91012/16

the order entering judgment in the amounts of $55,000 for future college expenses for both of the two younger children is reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2017